Curia, per

Richardson, J.
I am directed to announce the decision of the Appeal Court. The Court have to inquire, whether the questions, put by the defendant’s counsel, and overruled by the presiding judge, were offered for the purpose of proving that Eagan had sworn falsely, or for the purpose of extenuating the slander, and thereby diminishing the offence of Gantt, without criminating Eagan. The former would require the plea of justification, in form ; the latter, no more than the general issue — “not guilty.”
In practice, it is often difficult to distinguish between matter of justification, and circumstances which go to extenuate the slander and lessen the damages, yet leave the plaintiff uncriminated ; but, the moment the distinction is seen, the rule of pleading is unquestionable.
In the case before us, it was not denied on the circuit, that the object was to justify the defendant. The drift of the questions offered is indeed plain, from the third question, i. e. “ was the evidence of Eagan true or not ?” This question was urged upon the Court, by the same argument was offered to justify the first and second questions. The proposition of the defendant’s counsel, at the trial, was, that there is no legal necessity to plead a justification, in order to make it competent to prove the truth of the slander. It is true, that the argument is immaterial to the merits of the question. But it was this proposition that was rejected by the Court, as a mistake in law. And such questions as were predicated upon it, were overruled, as altogether incompetent, without the plea. Bat all questions searching for matter of excuse or extenuation, and short of evidence going to criminate Eagan, were allowed by the Court. The argument might rest here, but as the facts of the case illustrate the justice and necessity of preserving the plea of justification, for its proper office — to prevent surprise — I will notice them.
The plaintiff first proved the slanderous charge of perjury, as made by the defendant, in reference to his former evidence, given in a certain case. The defendant then introduced William Williams, who swore that Eagan when examined at the trial, deposed that “ the land was pretty nigh worn out; and that “ Gantt had cultivated it seven or eight years.” So far, the evidence was harmless; and although objected to was permitted, as the possible foundation of some explanation or extenuation, yet to come. Upon this evidence, the questions rejected were predicated. “ Was the land pretty nigh worn out ?” “ Did Gantt cultivate the land seven or eight years ?”(a) And lastly, as if to demonstrate that the crimination of Eagan was aimed at, the two former questions were reiterated in the third. “Was the testimony of Eagan true or not ?” In this third question, we have the precise gist of the inquiry before the Court, i. e. Was the object to criminate Eagan ? Now I ask, how was it possible for Eagan to be prepared to resist the evident crimination intended to be *315 brought out by such questions, when placed in such a connection with the evidence just given by Williams ? Unless the plaintiff had been put on his guard, by a plea that the charge of perjury would be justified ? Without such a plea, he must have been surprised to find the tables thus turned upon him. And such surprise attests the necessity of requiring, that the plea should have been filed on the part of Gantt. The plea of justification is not abolished. Its place is found, whenever the intention is to criminate the plaintiff, by proving the slanderous words true.
The Court therefore concur with the presiding judge ; and the motion is refused.
Johnston, Evans, Johnson, and Gantt, concurred.

 See 2 Sp. 1. An.